**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  15-CR-113-JLK-2

UNITED STATES OF AMERICA,

Plaintiff,

v.

2.     THOMAS JAY LUCERO,

Defendant.

_____

**SUPPLEMENT TO AND REPLY IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**
_____

Thomas J. Lucero ("Lucero"), by and through undersigned counsel, respectfully submits this Supplement to and Reply in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  In support of this Supplement and Reply, Mr. Lucero states as follows.

**I.     INTRODUCTION**

Mr. Lucero was initially charged, via complaint, on March 17, 2015.  [Doc. 1].  On March 23, 2015 the Government filed an Indictment [Doc 13]. On August 25, 2016, Lucero pled guilty to Counts One and Three of the Indictment. Count One charged Lucero with conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371.  Count Three charged Lucero with brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 942(c)(1)(A)(ii).

On December 2, 2016, this Court sentenced Lucero to a term of 144 months imprisonment: 60 months on Count One and 84 months on Count Three, to be served consecutively.  Specifically, the "crime of violence" charged in Count Three was aiding

and abetting co-conspirators to brandish weapons during a crime of violence, in violation of 18 U.S.C. § 942(c)(1)(A)(ii).

On March 16, 2020, Lucero filed, *pro se*, his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc 282] ("Motion to Vacate"), claiming that pursuant to *United States v. Davis*, 139 S.Ct. 2319 (2019), he was improperly convicted under 18 U.S.C. § 924(c)(1)(A)(ii) and § 2., where his underlying conviction was for Conspiracy to Commit Bank Robbery in violation of 18 U.S.C. § 371.

In its Response to his Motion to Vacate Conviction and Sentence Under 28 U.S.C. § 2255, the Government agrees that if the defendant has a valid *Davis* claim, his motion is timely filed. The Government, however, maintains that the Defendant does not have a valid claim.

The Government further notes that in *Davis* the Court vacated the § 924(c) conviction arising from the conspiracy conviction because it depended upon the residual clause; however, the Court upheld the § 924(c) count based upon the robbery, because it depended upon the "elements clause" of § 924(c)(3)(A)

The Government further argues that although defendant's conspiracy to commit bank robbery conviction (Count 1) is not categorically a crime of violence, he also pled guilty to Count 3, possessing and brandishing a firearm in furtherance of a bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and section 2. This offense, according to the Government, is based upon the elements clause, not the residual clause, and hence the holding in *Davis* does not support defendant's argument.

## II.     RELEVANT STATUTES

Count One charged Lucero with conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371.  Count Three charged Lucero with brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 942(c) (1)(A)(ii).  Section 924(c)(1)(A), in pertinent part, provides:

> …any person who, during and in relation to a crime of violence…for which the person may be prosecuted in a court of the United States, uses or carries a firearm, shall, or who in furtherance of any such crime, possess a firearm, shall, in addition to the punishment provided for such crime of violence…
>
> (i)     be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii)    if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii)   if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Under § 924(c)(3), "crime of violence" is defined as follows:

> (3)    For purposes of this subsection the term "crime of violence" means an offense that is a felony and–
>
> (A)    has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

## III.    ARGUMENT

**A.    TIMELINESS.**

The Government concedes that so long as Mr. Lucero has a valid claim pursuant to *United States v. Davis*, his motion to vacate, set aside, or correct a sentence under section 2255 is timely in that it was filed within a year of *Davis.*  Mr. Lucero challenged

his conviction based upon *United States v. Davis*, and through this supplement, further brings his claims pursuant to *United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019), which applied *Davis and extended it:*

> *Because § 924(C)'s residual clause is void for vagueness – and because that ruling applies to Bowen's case on collateral review – Bowen cannot be guilty of violating § 924(c)(1) if his witness retaliation convictions qualify as crimes of violence only under § 924(c)(3)(B).*
>
> *We also conclude that Bowen's witness retaliation convictions are not crimes of violation under § 924(c)(3)'s elements clause – 924(c)(3)(A).*

*Id*. at 1101.

**B.   UNITED STATES V. *DAVIS***

In *Davis*, the Supreme Court considered whether the residual clause of section 924(c)(3) is unconstitutionally vague. The court held that it is unconstitutional for the same reasons that it previously so held under similarly worded residual clauses. (*See, e.g.*, the residual clause in the Armed Career Criminal Act and *Johnson v. United States, 576 U.S. 591 (2015), and the residual clause in* 18 U.S.C. § 16(b), held to be vague in *Sessions v. Dimaya, 138 S.Ct. 1204 (2018)*).

**C.   AN OFFENSE UNDER 18 U.S.C. § 371 FAILS TO QUALIFY AS A "CRIME OF VIOLENCE"**

The relevant portion of § 924(c)(3) defining a "crime of violence" has two clauses. The first clause – 924(c)(3)(A) – is referred to as the "elements" clause. The other – 924(c)(3)(B) – is referred to as the "residual" clause.  An offense under § 371 categorically fails to qualify as a "crime of violence" under § 924(c)(3)'s force clause since the offense can be committed without the use of violent physical force, and does not require an intentional threat of the same. Further, § 924(c)(3)'s residual clause,

4

post-*Davis*, is constitutionally incapable of supporting a conviction due to vagueness. The Government concedes that the Mr. Lucero's "conspiracy to commit bank robbery conviction (Count 1) is not categorically a crime of violence . . . ." [Doc 204 at 5].

To determine whether a predicate offense qualifies as a "crime of violence" under § 924(c), courts use the categorical approach. *See Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013); *see* also *United States v. Serafin*, 562 F.3d 1105, 1107-08 (10th Cir. 2009). This approach requires that courts "look only to the statutory definitions–i.e., the elements–of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 133 S.Ct. at 2283 (citation omitted); *Serafin*, 562 F.3d at 1107. If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

As a result, post-*Descamps*, for an offense under 18 U.S.C. § 371 to qualify as a "crime of violence" under § 924(c)(3)'s force clause the offense must have an element of "physical force." And "physical force" means "violent force" – that is "strong physical force," which is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). An offense under 18 U.S.C. § 371 does not meet this requirement because it can be accomplished without the use of "violent force."

The plain text of § 371 does not have "an element the use, attempted use, or threatened use of physical force." Therefore, an offense under § 371 fails to categorically qualify as a "crime of violence" under § 924(c)(3)(A).

**D.     *UNITED STATES V. BOWEN***

In *United States v. Bowen,* 936 F.3d 1091 (10th Cir. 2019), the defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that his predicate conviction for witness retaliation was not a crime of violence for purposes of 18 U.S.C. § 924(c). The Tenth Circuit's decision in Mr. Bowen's case had several important holdings:  First, that *Davis* is a new substantive rule that is retroactively applicable on collateral review. Second, that Mr. Bowen's convictions for witness retaliation were not crimes of violence under 18 U.S.C. § 924(c)(3)(A).  Third, that Mr. Bowen was actually innocent of 18 U.S.C. § 924(c)(1)—because his predicate conviction does not fall under the force clause of 924(c), and the residual clause was invalidated by Davis.

The predicate crime in *Bowen* was retaliation against a witness, 18 U.S.C. § 1513(b)(2). A defendant may be convicted of that offense if either (1) with intent to retaliate, he knowingly causes or threatens to cause bodily injury to a witness or (2) knowingly causes or threatens to cause damage to a witness's property. The Tenth Circuit concluded that witness retaliation through bodily injury qualifies as a crime of violence under § 924(c)(3)'s elements clause, but witness retaliation through property damage does not.

To determine whether Bowen's witness retaliation conviction has "as an element the use, attempted use, or threatened use of [violent] force against the person or property of another," 18 U.S.C. § 924(c)(3)(A), courts must look "only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction." United States v Serafin, 562 F.3d 1105, 1107–08 (10th Cir. 2009).

Thus, *Bowen* expanded *Davis'* holding that the residual clause set forth in 18 § 924(c)(3)(B) is void for vagueness to apply it to the elements clause in § 924(c)(3)(A).

The Government asserts that Mr. Lucero's guilty plea to Count 3, for possessing and brandishing a firearm in furtherance of a bank robbery, is based upon the elements clause and not the residual clause, and hence the holding in *Davis* does not support Mr. Lucero's argument. The government relies on Lucero's plea agreement to conclude that the plea agreement was premised on the elements clause. Page 5 of the plea agreement in fact refers to count 3 as a crime of violence, but does not say whether that conclusion is based upon the residual clause or elements clause of section 924(c)(3). Nothing in the Plea Agreement's Stipulation of Facts sheds light on this issue. The record is silent about whether his § 924(c)(3) conviction rests on § 924(c)(3)'s elements clause or residual clause.

In *Bowen, the court examined the "relevant background legal environment" at the time of Bowen's conviction, id. at 1108, and concluded that controlling law in the circuit "would have required the district court to apply the pure categorical approach" and that the retaliation statute did not categorically qualify as crimes of violence. Id at 1109.*

The same logic applies to Mr. Lucero's Motion to Vacate. There is nothing in the record to suggest that the elements clause should be applied and there is nothing that would suggest that the pure categorical approach is not the appropriate approach under prevailing 10th Circuit law over the past several years. The brandishing statute, under both *Davis* and *Bowen*, is not a crime of violence and the court should vacate the conviction of Count 3.

## CONCLUSION

For the reasons set forth above, Lucero respectfully asks this Court to vacate his conviction.

Respectfully submitted,

*s/ Patrick L. Ridley*
Patrick L. Ridley
Ridley, McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, Colorado  80202
Telephone: (303) 629-9700
Fax:  (303) 629-9702
Email ridley@ridleylaw.com
Attorney for Thomas Jay Lucero

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of May, 2020, I served a true and correct copy of the foregoing **SUPPLEMENTAL TO MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND REPLY IN SUPPORT OF SAID MOTION** electronically with the clerk of the court via the CM/ECF system to all interested parties:

United States Attorney's Office
205 North 4th Street, Suite 400
Grand Junction, CO 81501
Tel: (970) 257-7113
Fax: (970) 248-3630
Attorney for the Government

*s/Heather Grant*
Heather Grant, Legal Assistant
Ridley, McGreevy & Winocur
303 16th Street Suite 200
Denver CO 80202
Telephone: (303) 629-9700
Facsimile: (303) 629-9702
Email: grant@ridleylaw.com