IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Nos. 15-cr-00113-JLK-02; 20-cv-00727-JLK

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

THOMAS JAY LUCERO,

    Defendant/Movant.

---

**ORDER DENYING MOTION TO VACATE SENTENCE
UNDER 28 U.S.C. § 2255 (ECF NO. 282)**

---

Kane, J.

The Indictment in this case charged Defendant Thomas Jay Lucero with three counts related to the robbery of a Wells Fargo Bank. In August 2016, Mr. Lucero pleaded guilty to Count 1 of the Indictment—conspiracy to commit federal bank robbery in violation of 18 U.S.C. § 371—and Count 3—possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. As a part of his plea agreement, the Government dismissed Count 2 of the Indictment, which charged him with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and 2. I sentenced Mr. Lucero to 144 months in prison—60 months on the conspiracy count and 84 months on the firearm count, to be served consecutively.

With his present Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 282),[1] Mr. Lucero argues his sentence is unconstitutional and must be

---

[1] On March 16, 2020, Mr. Lucero filed his Motion along with a Memorandum of Law in support thereof. After the government responded to that Motion, I appointed counsel for Mr. Lucero. A Supplement to the Motion and Reply has since been filed by Mr. Lucero through counsel. This

1

vacated, because the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019), invalidated the provision of § 924(c) on which his firearm conviction is based. I find that, irrespective of the holding in *Davis*, Mr. Lucero's § 924(c) conviction is lawful and consequently deny his Motion.

A motion filed pursuant to 28 U.S.C. § 2255 attacks the legality of a defendant's detention. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citation omitted). A defendant may assert in a § 2255 motion "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.

Mr. Lucero challenges the constitutionality of his conviction for possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). That statute provides:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-- . . . (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

18 U.S.C. § 924(c)(1)(A). The term "crime of violence" as used in that statute is defined as:

> an offense that is a felony and—
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subparagraph (A) of that definition is known as the elements (or use-of-force) clause, and subparagraph (B) is known as residual (or risk-of-force) clause.

---

Order considers the arguments made in the Supplement as if they had been included in the original Motion.

In *Davis*, the Supreme Court held that the residual clause of that definition is unconstitutionally vague. 139 S. Ct. at 2336. As relevant here, the defendants in *Davis* had been convicted of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), conspiracy to commit the same, and two separate violations of § 924(c) for brandishing a short-barreled shotgun in connection with their crimes. *Id.* at 2324-25. The Court agreed with the Fifth Circuit that the defendants' § 924(c) convictions based on their conspiracy offenses must be vacated, because those offenses could only have been categorized as crimes of violence under the residual clause in § 924(c)(3)(B). *Id.* at 2325, 2336. Ultimately, though, the defendants' § 924(c) convictions predicated on the robbery offenses stood, as those offenses qualified as crimes of violence under the elements clause in § 924(c)(3)(A).

The questions raised by Mr. Lucero's Motion are: (1) What offense served as the predicate crime of violence for his § 924(c) conviction? And (2) does that offense fall within the elements or residual clause of the statute's definition of crime of violence? In evaluating whether an offense falls under the elements or residual clause, I must follow Tenth Circuit precedent and apply the "categorical approach," which requires consideration of the elements of the offense and not the particular conduct of the defendant. *United States v. Serafin*, 562 F.3d 1105, 1107-08 (10th Cir. 2009). For statutes with multiple alternative elements, the "modified categorical approach" is used to assess whether an offense qualifies as a crime of violence. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). That approach permits me to look beyond the statute to the indictment and plea agreement to determine the elements of the specific crime for which the defendant was convicted. *Id.*

Mr. Lucero contends the predicate crime of violence for his § 924(c) conviction was conspiracy to commit bank robbery in violation of 18 U.S.C. § 371. The parties agree that offense categorically fails to qualify as a crime of violence, because it could only fall under the

3

definition's residual clause that was invalidated in *Davis*. Conspiracy to commit bank robbery could not fall under the elements clause since it can be committed without "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. 924(c)(3)(A).

Nonetheless, the Government asserts that Mr. Lucero's § 924(c) conviction did not rest on his conspiracy conviction at all and was based instead on the armed bank robbery to which Mr. Lucero admitted in his Plea Agreement. That Agreement states:

> The parties agree that the elements of the offense to which the defendant is entering a plea of guilty are as follows: . . .
>
> Count 3 [(The § 924(c) Count)]
>
> 1. The defendant committed the crime of Bank Robbery as alleged in count 2, or aided and abetted the commission thereof, which is a crime of violence . . . .

Plea Agreement at 5, ECF No. 172. The bank robbery alleged in Count 2 of the Indictment was armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). So, based on the plain language of the Plea Agreement, the Government is correct—the predicate crime of violence for Mr. Lucero's conviction must have been armed bank robbery.

> The offense of federal bank robbery is committed when an individual:
>
> by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> . . . enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny . . . .

18 U.S.C. § 2113(a). Since there are two methods of committing federal bank robbery, the modified categorical approach is appropriate for evaluating whether the offense qualifies as a

crime of violence. *See United States v. McGuire*, 678 F. App'x 643, 645 (10th Cir. 2017) (unpublished) (finding § 2113(a) to be "divisible" and applying the modified categorical approach). It is apparent from the Indictment and Plea Agreement that the actions at issue in this case align with the first paragraph of 18 U.S.C. § 2113(a), in which the robbery occurs by "force and violence, or by intimidation." Armed bank robbery under § 2113(d), as charged in the Indictment and referenced in the Plea Agreement, increases the penalty for an individual who, in committing, or in attempting to commit federal bank robbery, "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." *Id.* § 2113(d).

From the statutory text, it is unquestionable armed bank robbery fits squarely within the elements clause of § 924(c)(3)(A) as it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Panel after panel of the Tenth Circuit has agreed. *See, e.g.*, *United States v. Rinker*, 746 F. App'x 769, 771-72 (10th Cir. 2018) (unpublished) (using the modified categorical approach and holding that armed bank robbery is a crime of violence under § 924(c)'s elements clause); *United States v. Higley*, 726 F. App'x 715, 717 (10th Cir. 2018) (unpublished) (holding that the defendant's conviction for armed bank robbery constitutes a crime of violence under § 924(c)'s elements clause); *United States v. Lloyd*, 741 F. App'x 570, 573 (10th Cir. 2018) (unpublished) (same); *see also United States v. McCranie*, 889 F.3d 677, 681 (10th Cir. 2018) (concluding that the defendant's bank robbery convictions categorically qualify as crimes of violence under the similarly worded elements clause of United States Sentencing Guideline § 4B1.2(a)(1)).

Although Mr. Lucero did not plead guilty to the charge of armed bank robbery, he admitted to the offense and stipulated to the factual basis for it with his Plea Agreement. Plea Agreement at 5-10. He has not shown that Agreement to be invalid. Additionally, whether Mr. Lucero merely aided and abetted in the bank robbery is not consequential. In *United States v.*

5

*Deiter*, the Tenth Circuit held that aiding and abetting bank robbery under 18 U.S.C. §§ 2113(a) and 2 is a "violent felony" under the elements clause of the Armed Career Criminal Act's definition of that term. 890 F.3d 1203, 1211-14 (10th Cir. 2018). The court reasoned that "unlike conspiracy and attempt, aiding and abetting is not a separate crime but simply eliminates the legal distinction between aiders and abettors and principals." *Id.* at 1216; *see also* 18 U.S.C. § 2 ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."). Thus, both armed bank robbery and aiding and abetting armed bank robbery constitute crimes of violence under the elements clause in § 924(c)(3)(A).[2]

## *Conclusion*

Since the offense on which Mr. Lucero's § 924(c) conviction is predicated remains a crime of violence even after the Supreme Court's invalidation of the residual clause of that definition, his challenge fails on its merits.[3] Accordingly, Mr. Lucero's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 282) is DENIED.

A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Such a showing is made only where a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its

---

[2]Mr. Lucero looks to *United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2018), for support. I find nothing in the Tenth Circuit's opinion that is relevant to or determinative for the circumstances in this case. The predicate crimes of violence for the defendant's § 924(c) conviction in *Bowen* were witness retaliation and conspiracy to commit the same. *Id.* at 1095. Applying the categorical approach, the court found that neither offense fell under the elements clause of the crime of violence definition, and so post-*Davis* neither could constitute the predicate offense for a § 924(c) conviction. *Id.* at 1108. My analysis and conclusions here do not run afoul of the Tenth Circuit's rulings.

[3]Because I find that the Motion is unsuccessful on the merits, I do not address whether it is timely.

resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Reasonable jurists could not debate the merits of Mr. Lucero's Motion. Therefore, a certificate of appealability is DENIED.

DATED this 16th day of July, 2020.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

7